IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Criminal Action No. 3:02CR225–HEH
)
KALVIN MARSHALL, )
)
Petitioner. )

## MEMORANDUM OPINION

Kalvin Marshall, a federal inmate proceeding with counsel, submitted this successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 194). Marshall argues that in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his guidelines sentence is unconstitutional. (*Id.* at 3.) The Government has responded. (ECF No. 200.) Marshall has replied. (ECF No. 201.) For the reasons set forth below, the Court will dismiss Marshall's § 2255 Motion as both procedurally barred and untimely.

## I. PROCEDURAL HISTORY

Marshall was convicted of conspiracy to distribute in excess of 50 grams crack cocaine (Count One) and being a felon in possession of a firearm (Count Five). The probation office prepared a Presentence Report ("PSR") for Marshall prior to sentencing. In the PSR, the probation officer determined that Marshall was a career offender. (PSR ¶ 36.) Based on the career offender enhancement, Marshall's criminal history category increased from Level V to Level VI. (*Id.* Wksht C, at 2; Wksht D, at 1.) Marshall's total

offense level of 42 was driven by characteristics of the offense, such as drug quantity and possession of a dangerous weapon, and was not based on the finding that he was a career offender. (*Id.* Wksht A, at 1; Wksht D, at 1.) Marshall's sentencing guidelines range was 360 months to life in prison. (*Id.* Wkst D, at 1.) At the time Marshall was sentenced, the United States Sentencing Guidelines ("USSG") were deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). On January 24, 2003, the Court sentenced Marshall to 384 months on Count One and 120 months on Count Five, both sentences to run concurrently. (ECF No. 52.)

On November 28, 2003, Marshall submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("First § 2255 Motion"), which the Court docketed on December 5, 2003. (ECF No. 67.) By Memorandum Opinion and Order entered on June 18, 2004, the Court denied Marshall's First § 2255 Motion. (*See* ECF Nos. 72, 73.) Since that time, Marshall has filed several unauthorized second or successive § 2255 motions. (*See, e.g.*, ECF Nos. 104, 105, 111, 112.)

More recently, Marshall sought permission from the Fourth Circuit to file a successive § 2255 motion based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On June 27, 2016, the Fourth Circuit granted Marshall authorization to file the instant, successive § 2255 Motion. (*See* ECF No. 193, at 1.) As discussed below, Marshall's § 2255 Motion is procedurally barred pursuant to 28 U.S.C. § 2255(h)(2) and untimely pursuant to 28 U.S.C. § 2255(f)(3).

## II. ANALYSIS

### A. Marshall Fails to Satisfy the Standard for Successive § 2255 Motions

The Fourth Circuit granted Marshall pre-filing authorization to file a successive motion in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Marshall must demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In his § 2255 Motion, Marshall raises entitlement to relief based upon the following claim:

> Claim One: "In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Marshall no longer is a career offender because his prior West Virginia and New York convictions no longer qualify as 'crimes of violence.'" (§ 2255 Mot. 3.)

The Fourth Circuit's pre-filing determination that Marshall satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" *McLeod v. Peguese*, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Marshall's claim and to dismiss it if the Court finds that it is barred under § 2255(h). *See United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), Marshall must demonstrate that: (1) the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), constitutes a new rule of

3

constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in *Johnson* retroactive to cases on collateral review. As explained below, Marshall fails to satisfy these requirements because the Supreme Court has neither extended the rule in *Johnson* to Sentencing Guidelines challenges, nor made such an extension retroactive.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[1] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268. Marshall now argues that *Johnson* invalidated the identically worded "residual clause" in United States Sentencing Guidelines ("USSG") § 4B1.2.[2] However, after Marshall filed

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[2] At the time of Marshall's sentencing, the definition of "crime of violence" read as follows:

> (a) The term "crime of violence" means any offense
>     under federal or state law, punishable by imprisonment for a term exceeding
>     one year, that--
>     (1) has as an element the use, attempted use, or threatened use of physical
>         force against the person of another, or

4

his § 2255 Motion, the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), refused to apply *Johnson*'s holding to the similar residual clause found in the Sentencing Guidelines, [USSG] § 4B1.2(a)(2). *See Beckles*, 137 S. Ct. at 892; *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted).

Despite the Supreme Court's explicit refusal to extend *Johnson*'s holding to the Sentencing Guidelines, Marshall argues that *Beckles* only applied in the context of the current, advisory Sentencing Guidelines, and that his mandatory, pre-*Booker* sentence as a career offender is unconstitutional under *Johnson* and *Welch*. He argues that *Johnson* invalidated the identically worded "residual clause" in USSG § 4B1.2 and that, because his West Virginia and Virginia offenses are not enumerated offenses in § 4B1.2, and because these offenses fail to satisfy the "force clause" of that guideline, he no longer has two predicate "crimes of violence" to render him a career offender. (§ 2255 Mot. 3.) Marshall's attempt to utilize *Johnson* as a means around the procedural roadblock of § 2255(h)(2) fails.

Contrary to Marshall's suggestion, *Johnson*'s holding applies to individuals sentenced pursuant to ACCA and not to individuals, such as Marshall, who were sentenced under § 4B1.1 of the then-mandatory Sentencing Guidelines. *See United States v. Bowens*, No. 3:98CR110, 2017 WL 4533129, at *3 (E.D. Va. Oct. 10, 2017); *Mitchell v. United States*, No. 3:00–CR–00014, 2017 WL 2275092, *1, *5 n.5 (W.D. Va.

---

> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

USSG § 4B1.2 (2002) (emphasis added). The bolded portion above is identical to the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(iii) that the Supreme Court invalidated *Johnson*.

5

May 24, 2017); *cf. United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (explaining that "*Johnson* only recognized that [the] ACCA's residual clause was unconstitutionally vague" and that *Johnson* "did not touch upon the residual clause" of the Sentencing Guidelines). Accordingly, because *Johnson* fails to extend to Marshall's sentence pursuant to the Sentencing Guidelines, he fails to satisfy the requirements of § 2255(h)(2). Thus, Marshall's § 2255 Motion is an improper, successive motion under § 2255(h)(2) and must be denied.

### B. Marshall's § 2255 Motion is Untimely

Even if Marshall's § 2255 Motion was not improper pursuant to § 2255(h)(2), it would also be barred by the statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

6

28 U.S.C. § 2255(f). Marshall argues that his § 2255 Motion is timely under § 2255(f)(3). (Reply 2–3, ECF No. 201.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

Marshall argues that *Johnson* announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that this right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. Marshall contends that he "need only rely on *Johnson* for his motion to be timely under § 2255(f)(3). There need not be a separate Supreme Court decision specifically applying *Johnson* to mandatory guidelines." (Reply 3.) Thus, in essence, rather than relying on the rule of *Johnson*, Marshall seeks the creation of a second new rule extending *Johnson* to the mandatory Sentencing Guidelines.

> Regrettably for [Marshall], the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, [136 S. Ct. 1257, 1265] (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute . . . . *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

7

*Brown*, 868 F.3d at 302. The "right asserted" in *Johnson* is not the same right that Marshall seeks to assert in this case. As previously discussed, *Johnson*'s holding was limited to the ACCA and it did not touch upon the residual clause found in the Sentencing Guidelines. *See Brown*, 868 F.3d at 303; *Mitchell*, 2017 WL 2275092, at *5. Because *Johnson* does not apply to Marshall's sentence under USSG § 4B1.2, he may not utilize *Johnson* to make his § 2255 Motion timely under § 2255(f)(3). *See Brown*, 868 F.3d at 302–303 (refusing to extend *Johnson* to invalidate a career offender sentence under the mandatory guidelines and finding such a challenge untimely). Accordingly, Marshall's § 2225 Motion is untimely and must be denied on that ground as well.

### III. CONCLUSION

For the foregoing reasons, Marshall's § 2255 Motion (ECF No. 194) will be DENIED as barred by 28 U.S.C. § 2255(h)(2) and by 28 U.S.C. § 2255(f)(3). The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Date: OCT. 31, 2017
Richmond, Virginia